**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-2123

ABUBAKARR BUNDU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 15, 2023                                Decided:  June 20, 2023

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Robert K. Lacy, Fairfax, Virginia, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Dawn S. Conrad, Senior Litigation Counsel, Rachel P. Berman-Vaporis, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abubakarr Bundu, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision (a) denying Bundu's applications for cancellation of removal as a matter of discretion and, relatedly, to adjust status; and (b) ordering Bundu removed to Sierra Leone. In this court, Bundu asserts reversible legal error in the immigration judge's handling of his case and alleges a due process violation. We deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," we lack "jurisdiction to review . . . any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1229b," which governs cancellation of removal. Notwithstanding, we retain jurisdiction to decide a challenge to the discretionary denial of cancellation of removal if that challenge presents a colorable constitutional claim or question of law that satisfies the exception in 8 U.S.C. § 1252(a)(2)(D) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals"). *See Gonzalez Galvan v. Garland*, 6 F.4th 552, 558 (4th Cir. 2021) (discussing § 1252(a)(2)(D)).

We review the agency's resolution of legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Salgado-Sosa v.*

2

*Sessions*, 882 F.3d 451, 456 (4th Cir. 2018) (recognizing the highly deferential standard of review employed for administrative fact findings).

Upon review of the arguments advanced by Bundu in conjunction with the administrative record and the relevant authorities, we concur in the Board's analysis as to the advanced legal errors and due process claim. *See In re Bundu* (B.I.A. Oct. 3, 2022). We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3